IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR CHARLOTTE COUNTY, FLORIDA
CIVIL DIVISION

GAYATRI PROPERTIES, LLC

        Plaintiff,                      CASE NO.:

vs.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY

        Defendant.

_____/

## COMPLAINT

GAYATRI PROPERTIES, LLC (hereinafter referred to as "Plaintiff"), by and through their undersigned counsel, hereby sue the Defendant, and as grounds therefore state as follows:

## GENERAL ALLEGATIONS

1. This is an action for damages in excess of fifty thousand dollars ($50,000) exclusive of interest, attorneys' fees, and costs.

2. At all times material hereto, Plaintiff owned the property located at 3115 Harbor Blvd., Port Charlotte, Charlotte County, FL 33952 (hereinafter referred to as the "Insured Property").

3. At all times material hereto, Defendant was and is a domestic corporation in the State of Florida and engages in the business of providing property insurance coverage to residents of Florida in exchange for the payment of a premium.

4. In consideration of the premium paid to it by Plaintiff, Defendant issued to Plaintiff an insurance policy, Policy No. FSF16397118 001 (hereinafter referred to as the "Policy"), which was in full force and effect at the same time damage occurred to the Insured Property. A copy of the Policy is in Defendant's possession and will be subsequently filed.

5. Plaintiff timely notified Defendant of the damage.

6. Defendant assigned claim number KY22K2947329 to the reported loss.

7. Defendant inspected the Insured Property and observed damage to Plaintiff's property.

8. Defendant observed damage to Plaintiff's property during a policy period in which Defendant insured Plaintiff's property.

9. Under the terms of the Policy, Defendant is obligated to pay insurance benefits for covered losses to Plaintiff.

10. The damage to Plaintiff's Insured Property is caused by a covered peril under the Policy.

11. All conditions precedent to obtaining payment of said benefits under the Policy from Defendant have been complied with, met, or waived.

## BREACH OF CONTRACT

12. Plaintiff re-alleges paragraphs 1 through 11 as if fully set forth herein.

13. Defendant has breached the Policy by underpaying and/or undervaluing the claim.

14. Plaintiff has made an application for insurance benefits under the Policy, but Defendant has failed and/or refused to pay all of the benefits to which Plaintiff is entitled for the loss.

15. Defendant breached the contract by failing to pay based on Plaintiff's Proof of Loss which was submitted to Defendant on or about January 9, 2023.

16. Defendant and its agents have failed and/or refused to properly investigate the loss and have failed and/or refused to tender all insurance proceeds due and owing to Plaintiff under the Policy.

17. Defendant knew or should have known, that Plaintiff had outstanding damages that were directly caused by covered perils under the Policy and that insurance monies were due and owing to Plaintiff.

18. Defendant knew or should have known, that Plaintiff had continuing damages that were and are directly covered under the Policy and whereupon Plaintiff submitted claims for payment under the Policy.

19. Defendant's conduct is contrary to the provisions of the contract.

20. Plaintiff has done and performed all those matters and things properly required of them under the insurance policy, or alternatively, they have been excused from performance by the acts of Defendant by its representations and/or conduct.

21. Pursuant to Florida Statute 627.70152, Plaintiff filed a Notice of Intent to Initiate Litigation Notice prior to filing this action on or about April 27, 2023.

22. Defendant has breached the Policy by failing to pay all benefits due under the Policy.

23. Defendant breached the contract by failing to pay the full costs necessary to restore Plaintiff's property to its pre-loss condition.

24. Defendant breached the contract by improperly withholding certain amounts for depreciation.

25. Other breaches may be determined during discovery in this matter.

26. As a direct result of Defendant's breach of its insurance contract, Plaintiff has lost the full value and full benefit of the Insured Property and continues to suffer such loss.

27. As a direct result of Defendant's breach of its insurance contract, it has been necessary for Plaintiff to incur and become obligated for attorneys' fees and costs in the

prosecution of this action. Florida Statutes §627.428, §626.9373, and/or §627.70152 provide for the recovery of such attorneys' fees in the event of such need.

28. Plaintiff has been obligated to engage the undersigned attorneys for the prosecution of this action and is entitled to reasonable attorneys' fees thereby pursuant to Fla. Stat. §627.428, §626.9373, and/or §627.70152.

WHEREFORE, Plaintiff prays this Honorable Court to enter an award of compensatory and contractual damages, pre-judgment interest, costs of this action, attorneys' fees, and such further relief as this Court may deem appropriate.

### DEMAND FOR TRIAL BY JURY

Further, Plaintiff requests a trial by jury on all issues so triable.

Dated this 11th day of September, 2023.

**CONSTABLE LAW, P.A.**

/s/ James S. Constable
James S. Constable, Esquire
Florida Bar No. 68522
Allison S. Freeman, Esquire
Florida Bar No. 69539
CONSTABLE LAW, P.A.
139 6th Avenue S
Safety Harbor, Florida 34695
Telephone: (727) 797-0100
Facsimile: (727) 726-6917
Attorneys for Plaintiff