UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GAYATRI PROPERTIES, LLC,

    Plaintiff,

v.                                      Case No.:   2:23-cv-961-SPC-NPM

WESTCHESTER SURPLUS
LINES INSURANCE COMPANY,

    Defendant.
                                /

**OPINION AND ORDER**

Before the Court is Defendant Westchester Surplus Lines Insurance Company's (Westchester's) Notice of Removal.  (Doc. 1).  This is a breach of contract action involving property damage.

A defendant may remove a case from state court if the federal court has original jurisdiction.  28 U.S.C. § 1441(a).  "The existence of federal jurisdiction is tested at the time of removal."  *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008); 28 U.S.C. § 1447(c).  "A removing defendant bears the burden of proving proper federal jurisdiction."  *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).  Because federal courts have limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).  And removal statutes are

strictly construed with doubts resolved for remand. *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014).

Federal courts have original jurisdiction over cases with complete diversity and an amount in controversy over $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Here, Westchester has not proven Plaintiff LLC's citizenship.

Westchester identifies all parties as diverse but claims that "Plaintiff was and is Florida corporation, domiciled in Florida, at all times material to the action, with a principal address located at 3115 Harbor Boulevard, Port Charlotte, FL 33952, Charlotte County, Florida." (Doc. 1 at 3). For support, Westchester attaches an Exhibit which clearly shows what Plaintiff's name implies—that Plaintiff is an LLC, not a corporation. (Doc. 1 at 18).

A limited liability company is a citizen of every state in which one of its members is domiciled. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (11th Cir. 2004); *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002). Each member of the LLC must be diverse from the opposing party for federal diversity jurisdiction to exist. *Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224-25 (11th Cir. 2013). When dealing with unincorporated business entities, it is necessary to "drill down into the 'ownership flow chart'" to determine citizenship. *CityPlace Retail, LLC v. Wells Fargo Bank, N.A.*, No. 20-11748, 2021 WL 3486168, at *3

(11th Cir. July 15, 2021). This is the case no matter how many layers are involved. *Purchasing Power, LLC v. Bluestem Brands, LLC,* 851 F.3d 1218, 1220 (11th Cir. 2017) ("[I]t is common for an LLC to be a member of another LLC. Consequently, citizenship of LLCs often ends up looking like a factor tree that exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC").

Westchester has not identified any members of Plaintiff LLC, much less informed the Court of the citizenship of these members. *See McCormick v. Aderholt,* 293 F.3d 1254, 1257-58 (11th Cir. 2002) (stating that a person's citizenship is determined by his "domicile," or "the place of his true, fixed, and permanent *home* and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom"). To establish subject-matter jurisdiction, Westchester needs to inform the Court of the citizenship of all the members of Plaintiff LLC.

The Court finds that Westchester has not met its burden of establishing this Court's subject matter jurisdiction over this action.

Accordingly, it is now

**ORDERED:**

1. Defendant Westchester Surplus Lines Insurance Company must **SUPPLEMENT** its Notice of Removal (Doc. 1) on or before

**November 16, 2023**, to show cause why this case should not be remanded for lack of subject-matter jurisdiction.

2. **Failure to comply with this Order will cause this case being remanded without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on November 7, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record